UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNY HASAN,

        Plaintiff,

v.                                               Case No. 21-C-971

STATE OF WISCONSIN,
DEPARTMENT OF CORRECTIONS
PROBATION AND PAROLE, and
SHARON PURIFOY,

        Defendants.

## SCREENING ORDER

Plaintiff Denny Hasan, who is currently serving a state prison sentence at Fox Lake Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Hasan's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Hasan has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Hasan has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $10.47. Hasan's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Hasan alleges that Defendant Sharon Purifoy, his former parole agent, violated his constitutional rights when she allegedly falsified the statement of a witness during his revocation hearing. Hasan asserts that, had she not falsified the statement, he would have been offered an alternative to revocation (ATR), but because she falsified the statement, he was revoked and returned to prison for a term of four-and-a-half years. Hasan asserts that he later received a different parole agent after "Purifoy was supposedly terminated for, alle[ged] misconduct in her office." Dkt. No. 1 at 2-3.

Hasan states that he lost his job and that his son was born while he was incarcerated. He asserts that he has been stressed and depressed due to Purifoy's false statement. Hasan seeks $100,000 in damages. Dkt. No. 1 at 3-4.

## THE COURT'S ANALYSIS

Hasan's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which "bars a plaintiff's suit under § 1983 where 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence' unless the plaintiff can show that the conviction or sentence has already been invalidated." *Easterling v. Siarnicki*, 435 F. App'x 524, 526 (7th Cir. 2011) (quoting *Heck*, 512 U.S. at 487). "*Heck* applies to both a prisoner's original sentence and to reimprisonment upon revocation of parole." *Id.* (citations omitted). Were Hasan to succeed on his claim, it would necessarily imply the invalidity of his revocation because, according to Hasan, the revocation was based on Purifoy's allegedly falsified statement. Because Hasan has not alleged that he successfully appealed or otherwise overturned the revocation of his release, his claim is barred by *Heck*. In addition, Hasan cannot sue the State of Wisconsin or its agencies "because the

3

Eleventh Amendment [] precludes a citizen from suing a state for money damages in federal court without the state's consent." *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

**IT IS THEREFORE ORDERED** that Hasan's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** because Hasan's claim is barred by *Heck v. Humphrey*.

**IT IS FURTHER ORDERED** that the agency having custody of Hasan shall collect from his institution trust account the $339.53 balance of the filing fee by collecting monthly payments from Hasan's prison trust account in an amount equal to 20% of the preceding month's income credited to Hasan's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Hasan is transferred to another institution, the transferring institution shall forward a copy of this Order along with Hasan's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this 1st day of October, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.